**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-73095-WLH |
| | ) | |
| NEIL RICHARD FLIT, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT**

Tamara Miles Ogier as Chapter 7 Trustee ("Trustee"), by and through counsel of record, files Trustee's Motion for Approval of Compromise and Settlement ("Motion") in an effort to obtain authorization to compromise and settle a controversy between the Chapter 7 Bankruptcy Estate (the "Estate") and the Debtor.

## I. BACKGROUND

1.

On December 31, 2020 (the "Petition Date"), Neil Richard Flit ("Debtor") filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*).

2.

Tamara Miles Ogier is the duly appointed and qualified Chapter 7 Trustee in the above-referenced case.

3.

Pursuant to the *Disclosure of Compensation of Attorney for Debtor* filed on the Petition Date (Doc. 1), counsel for the Debtor received a retainer for legal services in the amount of $49,700.00 (the "Retainer").

4.

Upon information and belief, the reason that the Retainer is uncommonly large for a Chapter 7 case is that the Debtor and his counsel anticipated the initiation of postpetiton discharge and/or dischargeability litigation by active creditors.

5.

Although, counsel for the Debtor performed legal services postpetition at a rate of $400 per hour, creditors did not initiate any litigation, and the Debtor received a discharge on July 22, 2021 (Doc. 24).

6.

Counsel for the Debtor provided information to the Trustee that demonstrated that the Debtor's total postpetition legal fees were approximately $25,000.00 plus expenses of less than $1000.00. Therefore, the Trustee made demand for turnover of the balance of the Retainer pursuant to 11 U.S.C. §§ 541 and 542.

7.

The Debtor alleged that because there was no malintent regarding the amount of the Retainer, and that money used to fund the Retainer came from the Debtor's retirement account, the balance of the Retainer should be returned to the Debtor.

8.

The Trustee took the position that source of the funds is irrelevant as funds from a retirement account lose their ability to be exempted upon withdrawal from said retirement account. Further, the Trustee alleged that the balance of the Retainer funds is property of the Estate and should, be turned over the Estate for distribution to creditors.

9.

The Trustee proposes to compromise and settle the Estate's claim against the Debtor for turnover of the balance of the Retainer by payment to the Trustee in the amount of $17,000.00 within fifteen (15) days of Court approval of this compromise and settlement.

## II. LEGAL STANDARDS

10.

The standards of approving or disapproving a settlement are the factors set forth in *Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks, II, Ltd.)*, 898 F2d 1544, 1549 (11 Cir. 1990), cert. denied, 498 U.S. 959 (1990).

11.

Justice Oaks requires that the Court consider (1) the probability of success in the litigation;(2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) deference to the reasonable views of creditors.

12.

The Trustee believes that the Settlement Agreement is in the best interests of the creditors. The Settlement Agreement between the Trustee and the Settling Entity results in the resolution of disputed claims in an expeditious and economical manner, without the need for litigation and the attendant costs and risks. In view of the defenses asserted, and the cost of litigation, that would likely exhaust the balance of the Retainer, and the uncertainty that generally accompanies all

litigation, the Trustee believes that this compromise with the Debtor should be approved by this Court.

13.

Under the standard set forth above and for the reasons previously detailed herein, the Trustee believes the Court should approve this Motion.

WHEREFORE, Trustee prays that this Honorable Court enter an order:

1. Approving this Motion, including the proposed compromise and settlement as set out above;
2. Authorizing the Trustee to enter into all documents necessary to effectuate the compromise and settlement referenced herein; and
3. Grant such other and further relief as this Court deems just and proper.

OGIER, ROTHSCHILD & ROSENFELD, P.C.

By: /s/ *Allen Rosenfeld*

Allen Rosenfeld
Georgia Bar No. 6144451

P.O. Box 1547
Decatur, GA 30031
(404) 525-4000
apr@orratl.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-73095-WLH |
| | ) | |
| NEIL RICHARD FLIT, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |

**NOTICE OF PLEADING, DEADLINE TO OBJECT AND FOR HEARING**

**PLEASE TAKE NOTICE** that on March 4, 2024, Tamara Miles Ogier as Chapter 7 Trustee for the bankruptcy Neil Richard Flit 20-73095-WLH (the "Trustee"), filed her Trustee's Motion for Approval of Compromise and Settlement ("Motion"). In the Motion, the Trustee seeks entry of an order authorizing the Trustee to compromise and settle the Estate's claim regarding the retainer paid by Neil Richard Flit (the "Debtor") to his bankruptcy attorney.

**Background:** On December 31, 2020 (the "Petition Date"), Neil Richard Flit ("Debtor") filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*). Tamara Miles Ogier is the duly appointed and qualified Chapter 7 Trustee in the above-referenced case.

Pursuant to the *Disclosure of Compensation of Attorney for Debtor* filed on the Petition Date (Doc. 1), counsel for the Debtor received a retainer for legal services in the amount of $49,700.00 (the "Retainer"). Upon information and belief, the reason that the Retainer is uncommonly large for a Chapter 7 case is that the Debtor and his counsel anticipated the initiation of postpetiton discharge and/or dischargeability litigation by active creditors. Although, counsel for the Debtor performed legal services postpetition at a rate of $400 per hour, creditors did not initiate any litigation, and the Debtor received a discharge on July 22, 2021 (Doc. 24). Counsel for the Debtor provided information to the Trustee that demonstrated that the Debtor's total postpetition legal fees were approximately $25,000.00 plus expenses of less than $1000.00. Therefore, the Trustee made demand for turnover of the balance of the Retainer pursuant to 11 U.S.C. §§ 541 and 542.

**Settlement:** The Trustee seeks authority to compromise and settle the Estate's claim against the Debtor for turnover of the balance of the Retainer by payment to the Trustee in the amount of $17,000.00 within fifteen (15) days of Court approval of this compromise and settlement. The Trustee believes that the Settlement Agreement is in the best interests of the creditors. The Settlement Agreement between the Trustee and the Settling Entity results in the resolution of disputed claims in an expeditious and economical manner, without the need for litigation and the attendant costs and risks. In view of the defenses asserted, and the cost of litigation, that would likely exhaust the balance of the Retainer, and the uncertainty that generally accompanies all litigation, the Trustee believes that this compromise with the Debtor should be approved by this Court.

Pursuant to Second Amended and Restated General Order no. 24-2018, the Court may consider this matter without further notice of a hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice. **If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk** at United States Bankruptcy Court, Room 1340, 75 Ted Turner Drive, SW, Atlanta, GA 30303, and serve a copy on the movant's attorney, Ogier, Rothschild & Rosenfeld, P.C., P.O. Box 1547, Decatur, Georgia, 30031-1547, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the bankruptcy Clerk within the required time.

A hearing on the pleading has been scheduled for **April 9, 2024.** The Court will hold a hearing on the Motion at **10:30 A.M.** on **April 9, 2024** in Courtroom **1403**, U.S. Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia 30303, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice and without holding the scheduled hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the scheduled hearing, the hearing will be held as scheduled.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

Dated: March 4, 2024

OGIER, ROTHSCHILD & ROSENFELD, P.C.

By: /s/ *Allen Rosenfeld*
Allen Rosenfeld
Georgia Bar No. 614451
Attorneys for Tamara Miles Ogier as Chapter 7 Trustee

P.O. Box 1547
Decatur, Georgia 30031
(404) 525-4000
apr@orratl.com

# CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT and NOTICE OF PLEADING, DEADLINE TO OBJECT AND FOR HEARING using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Ian M. Falcone** legalassistant@falconefirm.com
- **Brian E. Lake** blake@robbinsfirm.com, ckunkes@robbinsfirm.com;rmeier@robbinsfirm.com;dbutler@robbinsfirm.com;jenglish@robbinsfirm.com
- **Office of the United States Trustee** ustpregion21.at.ecf@usdoj.gov

I further certify that on this day I caused a copy of this document to be served via U.S. Mail by depositing the same in the United States Mail, postage prepaid and addressed to the following:

Neil Richard Flit
1000 McLynn Ave
Atlanta, GA 30306

This the 4th day of March, 2024

OGIER, ROTHSCHILD & ROSENFELD, P.C.

By: /s/ *Allen Rosenfeld*
Allen Rosenfeld
Georgia Bar No. 614451

P.O. Box 1547
Decatur, GA 30031
(404) 525-4000
apr@orratl.com